FILED
MAR 13 2014
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Keith Martin Molineaux, Jr — 30134

(Enter above the full name of the plaintiff or plaintiffs in this action). (Inmate Reg. # of each Plaintiff)

**VERSUS** **CIVIL ACTION NO.** 2:14-cv-12270
(Number to be assigned by Court)

Judge: Charles M. Vickers, Prosecuter: Ed Kornish & Jason Grubb, Sidney H. Bell
T.S. Pack, Sharon Allen, Sue Ann
Bryant, T.G. White, Dennis Francis,
C.R. Lane and Stephen King
John Pauley and G.D. Williams

(Enter above the full name of the defendant or defendants in this action)

## COMPLAINT

**I. Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ______ No ✓

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

Plaintiffs: ____________________

____________________

____________________

Defendants: ____________________

____________________

____________________

2. Court (if federal court, name the district; if state court, name the county);

____________________

____________________

3. Docket Number: ____________________

4. Name of judge to whom case was assigned:

____________________

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

____________________

____________________

6. Approximate date of filing lawsuit: ____________________

7. Approximate date of disposition: ____________________

**II. Place of Present Confinement:** Mount Olive Correctional Complex

A. Is there a prisoner grievance procedure in this institution?

Yes ✓ No ______

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ______ No ✓

C. If you answer is YES:

1. What steps did you take? ______________________

2. What was the result? ______________________

D. If your answer is NO, explain why not: Civil Rights Action Is Appropriate Vehicle (Skinner V. Switzer U.S. 09-9000 3-7-11) For Prisoner to seek D.N.A Testing of Evidence. Settling a Circuit Split, the U.S. Supreme Court held March 7 that A prisoner's post-conviction claim seeking access to Biological evidence for D.N.A testing may be brought in a civil right action under 42 U.S.C. §1983. Success would not necessarily undermine the Validity of Prisoner's conviction court emphasized. (Skinner V. Switzer U.S. 09-9000 3/7/11)

Full text http://pub.bna.com/lw/09682Z.pdf and 88 CrL 699

Plaintiff cant see no other avenue For help no lawyer will help.

**III. Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: Keith Martin Molineaux Jr

Address: One Mountainside Way Mt. Olive WV 25185

B. Additional Plaintiff(s) and Address(es): ______________________

## IV. Statement of Facts.

1.) With A warrant was issued for Ms. Harriett Browns Residences at 1205 Penmar Avenue and 1901 Gilmer Street in Bluefield, WV along with a Search warrant for the 2000 OLDSMOBILE ALERO Belonging to Ms. Brown. "Specifically for the clothing, Gun and Shoes, Police took clothing Keith wore"

2.) The Affidavits were completed by SGT. W.T. Jones and Sign by Circuit Court Judge: Derek Swope. Trooper E.F. Hensley along with Trooper M.R. Crowder, D.E.A. Agent E.H. Kennedy, DEA. Agent W. Ray Executed the warrant at 1205 Penmar Street. They were assisted by members of the Bluefield Police Department. SGT. Jones along with Mercer County Deputy C.J. Smothers, Deputy Shelten and Princeton Police Department Detective T.A. Bailey ~~execute~~ executed the search warrant at 1901 Gilmer Street. They were assisted by members of the Bluefield Police Department. [see Exhibit D, page 14 & 15 the investigation report] "looking Specifically for Clothing keith wore night of murders"

3.) On October 23, 2001 A Grand Jury hearing was held Present at this hearing was Sidney H. Bell For the Prosecutor's Office in McDowell who was the Prosecuting attorney in this case and at this hearing as the witness for the State was lead Officer in charge of this case John Pauley, (Sgt. WVSP) At this hearing Officer Sgt. Pauley made it clear Keith M. Molineaux was the shooter and two key points I must bring to your attention which is important. One: Sgt. Pauley said childs clothes was sent off to be tested after the prosecutor asked was there any physical evidence on her or on her clothes. [page 6 & 7] Second: Sgt. Pauley made it clear Six months after the murders he was

unsure of who did what in this double capital murder six months into his investigation [See Grand Jury Hearing complete copy attach page 16 & 17 which is attach as exhibit B]

4.) On November 26.2001 a motion hearing was held for the discovery and disclosure. The Prosecutor Sidney H. Bell said they dont have it ready yet this is seven(7) months after arrest and one month after Grand Jury hearing. No investigation report. Judge/court gave the state until December 14.2001 to hand over the Investigation report/Discovery and its disclosures. The state withheld chain of custody

5.) On December 14.2001 there was no Discovery on the part of the State, no investigation report. On December 21.2001 Attorney at that time Mr. Stephen D. Paesani wrote a letter to the prosecutor Mr. Sidney H. Bell in which Mr. S. Paesani explain to Mr. Bell we still have not received discovery and disclosure as ordered by the court From Sgt. John Pauley of the West Virginia State Police Department. He explain he needed that report so he could "Effectively represent my client and provide a defense to the charges contained in the indictment issued in the October term of the McDowell County Grand Jury. [see letter attach as exhibit (A) dated December 21.2001]

6.) On January 3.2002 Attorney Mr. Stephen Paesani called the prosecutor Mr. Sidney H. Bell to asked about the investigation/discovery report however Mr. Bell was not present and Mr. Paesani talk to member of his staff letter dated January 4.2002 [mark as exhibit-(C) also attached]

7.) A Hearing was held on January 4, 2002 which is about three (3) months after the indictment issued on October 23, 2001 and nine (9) months after the murders happen on April 9, 2001. At that hearing held on January 4. 2002 the Prosecuter Sidney H. Bell explain he still do not have the discovery or disclosure from Sgt. John Pauley of the West Virginia State Police Department. At this same hearing the Judge again gave the state more time to come up with the discovery and in doing so push back Keith M. Molineaux's trial from January 2002 until April 2002. He also gave the state until January 18, 2002 to hand over the discovery and disclosure.

8.) On January 11, 2002 the State handed over the discovery [marked as exhibit -(D) no Forensic reports enclosed, no confession, no statements, nothing but the report itself. They withheld Forensic documents.

9.) Counsel for Mr. Keith Molineaux filed a motion in February which was received and filed in the circuit court of McDowell county on February 28. 2002 "Motion For Forensic Analysis OF Evidence And Alternatively, For Disclosure of Forensic Reports" where he "Specifically request the test results of clothing and books, etc Seized in the warrant from the house Harriett Brown" [see attach exhibit (E)] This motion was filed because they withheld Forensic documents.

10.) On March 6. 2002 A suppression Hearing was held attach as [exhibit (E)] During this hearing Mr. Sidney H. Bell said he talked to Sgt. John Pauley who explain the Forensic reports has not come back from the Forensic Laboratory [see pages 11, 12, 13, 14 & 15] Although the Prosecuter Mr. Sidney H. Bell clearly lied claiming

Pauley said it was still at the Forensic Laboratory Keith M. Molineaux's co-defendant some how received there forensic reports. When asked by Mr. Molineaux's Attorney Stephen D. Paesani again "Specifically, he made it clear not only did we want the test result of the clothing, but as mention in the motion Attorneys for Keith M. Molineaux wanted to test the clothes and other items For D.N.A of blood and tissue from the bodys of John and Kimmie Stepp," because the state claim Keith M. Molineaux, Jr shoot and killed two people in this capitol murder close range. On page [(15) Suppression Hearing] Mr. Paesani explain "Well, I guess, what I would ask the court to do, if that would be the case, is to direct the state to produce to use a chain of custody so that we would be in a position to determine that with our own examination. And my thought was that these things were Seized for a purpose, the purpose being to determine the presence of powder or tissues of the victim was found on the clothing of the defendant." NOTE: Mr. Sidney H. Bell Said the only items tested was "Dresser Draw, the hand Gun and Marijuana" no clothing or footwear, well look at Exhibit (D) page two (2) also Forensic report which is newly discovered 4/18/02 evidence because I received it on November 15, 2010 then look at case submission Form this was withheld along with the clothes. To add to this the chain of custody was never handed over then and still till this day, year 2014.

11.) The Judge Claim the state been having problem getting there information and this is the First time this has happen where he had to order the State Police to hand over reports. [See Suppression hearing page (19)] Note: Keith M. Molineaux's Clothing and boots was

given back to his girlfriend / ex-wife after Keith M. Molineaux's trial. Harriett Brown was given back all the clothing and boots Mr. Keith M. Molineaux had on the night of the murders months after he was convicted after Sidney H. Bell withheld test results and refuse to hand over the chain of custody and refuse to allow Mr. Keith Molineaux's Attorney to test his clothes. Gave Keith's clothes Back!

12.) At this same hearing Officer Michael Crowder testified under oath the police had the clothing Mr. Keith M. Molineaux wore the day of both capitol murders which was close range [See page 59 suppression hearing] Then later he again made it super clear [on page 64] this is the second police that claim this, aside from Mr. Keith M. Molineaux's Girlfriend and Thomas E. King who both was witnesses for the state: Note: Police gave back the clothing Mr. Keith M. Molineaux had on night of murders after they withheld test results, refuse to hand over chain of custody and refuse to allow us to test those items before and or during trial and still continue to withhold chain of custody today. GAVE Keith's clothing he had on night of murders to ex-Girlfriend

13) Michael Crowder claim Mr. Molineaux confess, Sgt. John Pauley said he denied it [See Grand Jury hearing page 16] also [see Lt. Hilton Suppression hearing page 109] However that's for another day. Keep in mind Mr. Keith M. Molineaux's trial started the Following month in April 2002. After trial Keith's clothes given back

14) After the March 6, 2002 Suppression Hearing in this Capitol murder Counsel for Mr. Keith M. Molineaux wrote the Prosecuter "counsel name Stephen D. Paesani"

Sidney H. Bell A letter dated March 29, 2002 [attach as exhibit (E)] Again Mr. Stephen D. Paesani "Specifically request Key Exculpatory evidence the items being the clothes belonging to Mr. Keith M. Molineaux which were seized in the course of the Police investigation, We wanted to know was they tested if so give us the results. if not hand it over so Counsel for Mr. Keith M. Molineaux could test it." No response on or about the clothes, boots, chain of custody and not only withheld but given back to Mr. Molineaux's girlfriend/ex wife asap when he was convicted of both murders. Gave back my clothing to ex girlfriend After my trial.

15.) On April 5, 2002 the Mc Dowell Prosecuter Mr. Sidney H. Bell handed over Forensic reports [marked as Exhibit (F) attach] test results are False original reports have Brandon R. Britto's Finger prints. No Forensic report of the marijuana, clothing or boots, etc. Police/Prosecuter withhold clothes during trial, Gave clothes back!

16.) After years of writing the court appoint attorneys with no help to receive and test evidence, writing the circuit court clerk in McDowell, Judge, etc. I filed "Keith M. Molineaux" filed a complaint to the United State District Court after a long fight and with the Fair ruling of Judge: John T. Copenhaver who understood I Mr. Keith M. Molineaux, did not know exactly what I was doing as Far as the Law and I didnt understand what exactly, what and how to ask for the chain of custody and appointed Forensic expert at that time. On November 15, 2010 I received a Forensic test result of boots which tested negative which was withheld (13) years ago and is newly discovered

evidence. Although it's not sign which is because it's false as far as what was actually submitted to the forensic Laboratory to be tested. Also what went to the Laboratory as the lead investigater claim [see exhibit (F) dated April 18, 2002 Lab. No S01-145-1 and case Submission Form dated April 12, 2001 Sign by D.R. Francis. What he sign for is not what came back as test results. What was submitted was not what came back.] Then Look at Forensic result dated May 22, 2001 [also attach as exhibit (F)] Look at evidence received then look at Case Submission Form dated April 12, 2001 as what was submitted. Then look at Investigation report marked as [exhibit (D) page 2, 3, 7 & 15] Which is why chain of custody is important

17) After a new Judge was appointed to Mr. Molineaux's case; The New Judge Name is Charles M. Vicker Mr. Molineaux again wrote the court requesting chain of custody from court files/record the clerk who got fustrated with Keith M. Molineaux, Jr told Judge Charles M. Vickers and Judge Vickers did something which would other wise take years to do, He ordered me not to write the clerk about documents anymore have my attorney request it and (he didnt even go back on his own court order) Wow! Court order attach as exhibit (H)] order dated January 8, 2013

18.) Letter From Mr. D. Adrian Hoosier explaining after I showed him the evidence withheld and what we need to accomplish to receive Exculpatory evidence and Forensic expert examiner where he explain the jury would have "Acquitted you based on certin items" [See Exhibit (G)]

19.) After begging my attorney over and over again he claim the court will not respond to our request For the Chain of Custody. [see exhibit (I) dated May 17, 2012]

20.) On February 13, 2013 My lawyer at the time wrote me a Positive letter explaining he talked with Forensic expert who explain he has an Forensic Independent consultant willing to accept my case at which point I accepted ASAP [see exhibit (I) dated Feb 13, 2013] attach an information about Forensic consultant "Gary A. Rini" attach also as exhibit I.

21.) After waiting years and years of being in prison for a crime I am not guilty of My attorney keeps claiming the court will not respond to our request For the chain of custody at which point I was Fustrated and filed a complaint against him. [see exhibit (I) letter dated June 20, 2013] Clothes withheld and given back would have prove Keith not guilty.

22.) On April 25, 2012 Mr. Hoosier, Mr. Molineaux's then counsel filed a motion "Motion to appoint expert" after I beg and complain, wrote at least 50 letters for him to do he did at last. [see exhibit (J)] [Also "Motion For Testing OF Evidence" dated May 18, 2012 and filed in circuit court May 24, 2012 in McDowell County attach as exhibit (J)] No Attorney can get chain of custody

23.) Motion hearing held on February 27, 2013 [see exhibit (K)] at this motion hearing the State continue to withhold exculpatory evidence and Judge Charles M. Vickers help

Protect the state when the State "Opposes my previously filed motion to appoint expert" and Judge Vickers Denied that request. But ordered the State to hand over the Chain of custody as requested in my motion my attorney filed on my behalf and on my request dated May 18.2012 and just as the state did in 2001 they continue to do at the Feb 27,2013 hearing "Claiming they have no problem handing over the copy of the chain of costody but never did" No appointed Attorney has been able to get Chain of custody

24) On May 23,2013 I personally filed a writ of mandamus to the West Virginia Supreme Court of appeal "which was not done correct I think I'm no attorney and am trying to fight the all Powerful McDowell County Prosecuters office" On July 11.2013 I received a response from the "Staff Attorney. Ms. Adriana L. Marshall who explain my mandamus is not to be directed to Supreme Court Justice Ketchum and my attorney has filed a motion to compel." [See exhibit (L)] Attorney only talks a good one, no Chain of custody

25) On June 25,2013 I receive a cover letter and a motion to compel From Attorney J. Anthony Spenia Motion Dated June 21,2013 [see exhibit (L)] NOTE: EVERYTIME THIS ATTORNEY FILE A MOTION ON MY BEHALF HE ALWAYS PUT THE WRONG CASE NO. EXAMPLE 04-C-0221-M then to make matters worst he Ask For the original "copy of the chain of custody" who does that ?!?! That motion is wrong on so many levels.

26) On August 13, 2013 My attorney responded to my letter which I clearly explain I want you to be ready to argue because the

Prosecuter will not hand over the chain of custody because of the Exculpatory evidence withheld which would have found me not guilty of these murders by the jury in 2002. He explain He'll be ready and what the motion to compel is for and the state will be Force to hand over the chain of custody. [see exhibit (M)] No lawyer has gotten chain of custody

27) After the Prosecuter and Judge "Prosecuter Jason Grubb & Judge Charles M. Vickers" Put there boot in my attorney mouth, neck and rectum by not even acknowledging his motion to compel ~~that~~ told Mr. Keith M. Molineaux, to get it from court files/record knowing these false reports is not apart of the court files. Then to make matters worst the Judge showed clearly Racial Discrimination by going back on his own court order, refuse to allow me to talk to him directly when I tried to talk to my attorney (who showed up almost one hour late to this hearing for the second time) told the judge thats all your honor will I was talking to him to explain to the judge the chain of custody is not apart of court files. The prosecuter then handed me the same exact copies they did on April 5, 2002. Clothes tested negative & boots, withheld then given back.

28) On September 24, 2013 the day after my motion hearing I wrote a letter to Judge Charles M. Vickers again trying to explain the prosecuter's has handed over false Forensic reports and continue to hide and withhold the chain of custody. No response from the Judge [see exhibit (N)] Judge has Protected prosecutor's, knowing Clothes/boots Keith were night of murders tested negative:

29.) My attorney who must be working with the State who still suffer from the effect of the boot ~~[illegible]~~ print left by the Prosecutor and Judge filed a "Subpoena as he told me he would after our hearing days ~~[illegible]~~ after to the West Virginia State Police and once again this motion is wrong on so many levels not counting the wrong case No. 04-C-0221-M he address it " to ~~[illegible]~~ Whom it may concern:" I'm sure the Superintendent got a good laugh out of that if it was even sent. Why would he not file a motion to the supreme court like a motion of writ of mandamus to compel the Judge to follow his original order on Feb 27, 2013. These lawyers envolve with my case almost seems like they are being paid to give me the run around then when I file a motion or complaint against them then the court looks at me as if I'm the problem. I been waiting over (7) years since the WVSP order the circuit court of McDowell to give me a Habeas hearing (7) years and ten (13) years I been unable to get a copy of the chain of custody and a Forensic expert, Clothing withheld during Keith trial then given back after trial

30.) ON November 20, 2013 my Attorney J. Anthony Spenia write me a letter after I write a habeas to the supreme court begging them to Step in because McDowell continue to withhold Key Exculpatory evidence I Should have been given (13) years ago. He explain in his letter "he have not receive anything from the West Virginia State Police subpoena he sent [see exhibit (P) dated November 20, 2013] Appellate Transcript request also enclosed dated May 31, 2002. No lawyer in there right mind will repersent a client like J. Anthony Spenia, M. Hatfield & S. Paesania unless to railroad them or it's 1963 Birmingham AL, ~~[illegible]~~ FOR a trial go as mine did.

The McDowell County Prosecutor's office along with The West Virginia State Police Forensic Laboratory has continued to hide and withhold Forensic test result by Serolgist, Latent Print Excaminer, etc. They have withheld test results of Keith M. Molineaux's Clothing which was submitted to the crime Lab to be tested for blood, D.N.A of the victims John and Kimmie Stepp who was both shoot and killed (13) years ago Close range. Because Keith M. Molineaux clothes tested negative for both blood and Gun powder they tested (3) pair of his boots which also tested negative for blood This forensic test result was first received by Keith Molineaux on November 15, 2010 (9) years after trial. When Mr. Molineaux did receive the forensic test result of exculpatory evidence (9) years later the forensic result was not sign by Mr. D.R. Francis. The reason this report was not sign is because it's false there was other items of clothes submitted for Blood Identification results. Not just what was handed over on November 15, 2010 Lab No. S01-145-1 dated April 18, 2002. Which is why the McDowell County Prosecution office has continue to withhold the chain of custody from Keith M. Molineaux since 2001 until this present moment to protect the fact that along with the help of the West Virginia Crime Lab they convicted the wrong man of murder. This evidence would have change the out come of Mr. Molineaux's trial he would have been found not guilty of murder From the start the McDowell County Prosecuter Sidney H. Bell and other members of his office refuse to allow Keith Molineaux's trial attorney to test his clothes and other evidence with the help of a forensic expert and refuse to acknowledge through

Legal document that it was tested or was not tested which its clear now it was tested and because it came back negative for D.N.A, blood, etc. They lied. The Prosecuter Mr. Sidney H. Bell lied under oath at Mr. Molineaux's Suppression hearing held on March 6, 2002 do to the fact that he was hardpress for a Conviction. After Mr. Bell took Mr. Molineaux's Jury (whole jury) along with State witness who is Keith Molineaux co-defendant Thomas E. King to the Victims trailer home which was a single wide explain his side of his One to five deal through his lie to the jury. Who by the way testified under oath he never seen Keith M. Molineaux shoot anybody and when asked do Keith use drugs he said "No" when asked Do Keith sell drugs he said "No" When asked did keith know the victims or know how to get to there house Mr. King said "NO"

Judge Charles M. Vickers and McDowell Prosecutor The Following will explain and prove the McDowell County Prosecution office has withheld EXCULPATORY, Key exculpatory evidence and continue to refuse Mr. Molineaux to test items and to hand over the chain of custody. Because of the test result which came from Forensic Lab

From here on out Keith M. Molineaux, Jr will be known as Petitioner. From the start the McDowell county Prosecutor has withheld Key evidence, and other documents until the last min. The reason was to change documents hide evidence and make up lies to obtain a conviction.

After the murders on April 9, 2001 a Grand Jury hearing was held and lead officer in charge said Keith denied any knowledge of these murders and he didnt know who did what at that time Keep

in mind this is (6) six months after the murders, Sgt. J.R Pauley also said at that hearing when asked by Prosecutor Mr. Sidney H. Bell "was there any evidence on the victim's child clothes" meaning blood Sgt. Pauley said "the child clothes was sent of to be tested" Grand Jury hearing enclosed dated Oct. 23, 2001 Mark as exhibit B

On November 26. 2001 at a hearing the state didnt have the investigation report/discovery so Judge R. J. Murensky, II gave the state until December 14. 2001. Well that date came and went and once again the state fail to do as the court ordered. Petitioner trial counseler Mr. Stephen D. Paesani wrote the Prosecuter Mr. Sidney H. Bell "Letter enclosed marked as exhibit A" dated December 21. 2001 explaining he is unable to provide a defense to Petitioner. At that moment Petitioner trial was set for January 2002, but was Push back because of Petitioner trial attorney's doings only. On January 4, 2001 a hearing was held and again the Prosecution Office in McDowell county fail to hand over the discovery. Once again Petitioner's attorney wrote the Prosecuter Mr. Sidney H. Bell a letter expressing how important that investigation report is to Petitioners defense. "Letter dated January 4, 2002 marked as exhibit C" The Judge gave the Proseouter until January 18, 2002 to hand over the discovery. "On January 11, 2002 Mr. Bell handed over the investigation report, Report dated January 7, 2002 marked as exhibit D" There was no forensic reports attach at all. Even though Petitioner trial attorney submitted a "motion FOR FORENSIC ANALYSIS OF EVIDENCE AND ALTERNATIVELY, FOR DISCLOSURE OF FORENSIC REPORTS Filed in circuit court of McDowell on Feb 28, 2002 exhibit E" A Suppression hearing was held on March 6, 2002 at which time the prosecutor told the

Judge Murensky the only items submitted for forensic testing was "dresser drawer, hand gun and Marijuana" no clothes or footwear. Co-defendant attorney told Petitioner attorney the murder weapon had Brandon Britto's finger print, how ever we have not yet receive that report. When ask by Judge Murensky "did you call the officer in charge to be sure these was the only items submitted to be tested" mr Bell said "yes." At this same hearing one officer took the stand and testified under oath "these are the clothes Petitioner had on night of murders and it match what the witness said. Along with the missing forensic reports other important documents was missing such as the chain of custody. The judge said it dont take no year for the forensic Lab to test no gun. The judge ordered the state to hand over the chain of custody at this March 6, 2002 hearing which they never did. Petitioner attorney on request of Pett Petitioner requested it be tested by our own forensic expert then same as now still has not happen. On March 29 2002 Attorney for Petitioner wrote Prosecuter Sid Bell explaining we need him to confirm if there was no forensic investigations ~~was~~ performed so we could conduct our own "Letter dated March 29, 2002 Exhibit E" On April 5, 2002 marked as exhibit F Letter from State along with (3) forensic reports. Two from Mr. Stephen C. King dated January 9, 2002 Lab no. Lol-311-2 (This report is False and not original report.) And second Dated September 28, 2001 Lab No. L01-311-1 and Last was From Mr. C.R. Lane dated January 19, 2002 Lab No. F02-4-1 (These dates are False) Petitioner is sending case submission Form to above items submitted dated April 12 2001. In 2009 Petitioner Started writing the WEST VIRGINIA STATE POLICE FORENSIC LAB IN 2010 Petitioner file a Freedom of Information Act Requesting all test result of all Forensic Lab reports.

See EXHIBIT F

On November 15, 2010 after a long fight the State Forensic Lab handed over a False Lab report dated April 18, 2002 Lab No. S01-145-1. Not only was Petitioner told by the Prosecuter on March 6, 2002 that these items was not submitted for testing although it is written in the investigation report. What was Submitted on April 12, 2001 "case submission form enclosed" which is also False. What went to the Lab For Forensic testing as documented in case submission Form and investigation report and sign for by Mr. D.R Francis Forensic Serology/Serologist as evidence received was one pair of SFC Hiking boots Brown and Green boots and one pair of blue boots Solomit hiking boots. How ever what came back was one pair of black boots and one pair of blue boots the boots change colors and brand. What really happen was all three pair of boots went to that Lab along with clothes Petitioner had on the night Both murders happen and because it came back negative they withheld it this is why this Forensic Lab report is not sign by Mr. D.R. Fransic. Here is another example Forensic Lab report dated May 22, 2001 Lab No. D01-471-1 which is also not complete because this marijuana was tested to see if it match what was found at both Britt's Apartment and victims house. In the case submission Form dated April 12, 2001 4/12/01 which is not sign by Forensic Chemist Trooper T. G. White but tested by him. The case submission Form claim as well as investigation report that one "Paper bag containing Green leafy Vegetation believe to be marijuana recovered From the kitchen area; Two: One Paper bag containing Green leafy vegetation believe to be marijuana recovered From the Living room area" How ever what was tested was One paper bag containing vegetation

and one plastic bag containing vegetation: Item #2 One paper bag containing one towel and vegetation attach. Petitioner then lawyer wrote a letter dated January 14, 2013 expressing the fact once we get items tested he would personally talk with Petitioner jury to show they would not have convicted Petitioner if they knew about forensic evidence withheld by the state tested negative for blood "see exhibit G" Petitioner wrote the Circuit Court Clerk of McDowell County over and over requesting a copy of the Chain of custody and because the chain of custody is not apart of court record because of the false forensic reports the clerk complain to the judge who issued this court order dated January 8, 2013 "see exhibit H" telling Petitioner not to write circuit court again. Letter from Attorney D. Adrian Hoosier to attorney Mr. J. Anthony Spenia explaining he as well as Mr. Spenia has tried to get the chain of custody from the Circuit court of McDowell. "Letter dated June 20, 2013 see exhibit I" On "April 25, 2012 and May 18, 2012 two motions was filed April 25, 2012 was A "MOTION TO APPOINT EXPERT, May 18, 2012 was A MOTION FOR TESTING OF EVIDENCE see exhibit J" Also in motion dated May 18, 2012 aside from the list of evidence I wanted tested Petitioner specifically requested the complete copy of the original chain of custody. On February 27, 2013 at a motion hearing the circuit Court judge Denied our motion for the appoint^ment^ of expert witness, however he did order the state to hand over the chain of custody from the forensic Lab "see court order dated March 11, 2013 exhibit K" June 25, 2013 cover letter from Attorney Mr. Spenia along with copy of

Motion dated June 21, 2013 and cover letter to circuit court Clerk in Mc Dowell, "The motion is A motion to compel see exhibit L exhibit A Plus B also enclose my attorney used as evidence Letter from D. Adrian Hoosier dated May 8, 2013 to Prosecuter requesting chain of custody and letter from Mr. Spenia dated June 4, 2013 again requesting chain of custody Prosecuter never responded. On July 29, 2013 Petitioner wrote his attorney explaining to him to get ready to argue with the state because they will not hand over chain of custody Letter in response from Petitioner's lawyer Mr. Spenia explaining what the motion to compel is suppose to do "see exhibit M Letter dated August 13, 2013" On September 23, 2013 at motion hearing the judge went against his own court order because the McDowell Prosecutor still after (13) years refuse to hand over the chain of custody. This judge Protected the prosecuter's office in McDowell. He told Petitioner to get the chain of custody from the court files knowing it's not there he has continue to help hide the fact that the state withheld EXCULPATORY evidence. What Judge refuse a Petitioner his consititutional right to test evidence when that evidence [illegible] would prove him not guilty of a crime this is the samething that happen in 2001 the state refuse to hand us the chain of custody then and refuse to allow Petitioner to test evidence then as they do now. "See letter dated September 24, 2013 From Petitioner to Judge Vickers see exhibit N" "On Sept. 25, 2013 Attorney filed a civil Subpoena to the West Virginia State Police Forensic Lab requesting Chain of custody see exhibit O" Note on any motion Filed by Mr. Spenia he continues to put the wrong case No on the motion. "Letter dated November 20, 2013 From Mr. Spenia still nothing From Forensic Lab [illegible] See exhibit P"

Petitioner beg this Honorable West Virginia Supreme Court to be his voice. The Petitioner Ask this high court to not allow the Forensic Lab experts and McDowell County Prosecuter office to continue to claim through word of mouth what went to the lab in April 2001. Petitioner has shown 100% percent Proof through court orders motions, Letters (sign by prosecuters, attorneys, etc) false unsign forensic reports case submission forms, etc. All of which is enclosed marked As exhibit

Petitioner ask this high court to understand the reason The forensic laboratory and McDowell Prosecuter's office refuse to allow Petitioner to receive the Chain of custody is because of all the Exculpatory Evidence withheld, in 2001. This is what happen after Petitioners clothes, boots tested negative, after the box of bullets and Gun had co-defendant finger prints on it, after the Marijuana found at the victims house match what was found at codefendants apartment "Brandon Robert Britto" (Clothes/boots Petitioners negative for D.N.A, blood) McDowell Prosecutor Sidney H. Bell Lied and Claim it was not tested and to keep his secrete in the dark he refuse to allow the Petitioner's trial attorney to test these items in 2001 & 2002 then because he already knew that evidence will Prove Petitioner "KEITH MARTIN MOLINEAUX, Sr" was not in any way Guilty of these murders. Then to top it off he said he was not going to use that evidence, knowing it cleared Petitioner of these Capitol murders. To Make matters worst The McDowell Dirty Prosecuter's office Gave back the petitioners clothes and boots so in the future Petitioner

would not be allowed to test evidence. This is why they continue to refuse to allow Petitioner to get a copy of the Chain of Custody Then in 2001 as they still do now in 2014.

They talk about what didnt go to that Laboratory but never show it in black and white because of the People envolved Such as These Prosecuters from the McDowell Prosecutors office Mr. Sidney H. Bell, Jason Grubb and Ed Kornish. West Virginia State Trooper Sgt. John R. Pauley and Forensic experts and witnesses of experts at the West Virginia State Police Forensic Laboratory "Ms. Sharon Allen, Dennis Francis, Sue Ann Bryant C.R. Lane, Stephen C. King and Trooper T.G. White" The dates are wrong on these false Forensic reports, all items submitted in 2001 of April is not accounted for on case submission forms, what went to the Forensic Lab for testing is not what came back as what was submitted. After McDowell Prosecuter tested items Petitioner trial counsel requested in it's motion for discovery and Motion for forensic test results. It was withheld.

Even Judge Charles M. Vickers knows which is why he went against his own court order when McDowell Prosecuters refuse to comply to his order and hand over the Chain of custody. He violated Petitioners Consitutitional right to receive Exculpatory evidence and refuse to allow Petitioner to get an expert witness "NOTE: Judge Vickers know there is no chain of custody in court files. He knows which is why he denied me a Forensic expert"

because he already knows the evidence tested negative for blood, D.N.A. He already knows the State gave back that evidence because "Petitioners Clothes tested negative" He only went against his own court ruling / orders to help Protect McDowell Prosecuters, Forensic experts and there false test results, are false false as far as what went to Lab

Petitioner is begging this high court to demand the Defendants / Respondent to hand over that Chain of Custody From the Forensic Lab in Charleston. To avoid games, tricks and confusion on the part of the Respondent Petitioner ask that this high court personally send the copy of the original Chain of Custody to Petitioner if the Respondant comply and to do an investigation on that Forensic Laboratory in Charleston, WV.

Petitioner Original Case No. 01-F-134, 135; 99-M-25

Petitioners attorney will not fight against McDowell Prosecution office or Judge Charles M. Vickers. Petitioner already knows Respondants response which is why Petitioner ask the Court to not allow them any more time to continue to Claim, not Prove. It's time to prove. Because Petitioner has witness who is willing to testified that sign the chain of custody 11 Maby 12 years ago that Petitioner Clothes tested negative and because of that it was given back and lied about not being tested to stop petitioner from testing to receive the same results and use as his defense (13) years ago in 2001. Everything Petitioner say he could Prove. However; The respondent can't!

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: Judge Charles M. Vickers

is employed as: Circuit Court Judge McDowell Co.

at McDowell County Courthouse P.O.Box 400 Welch, WV 24801

D. Additional defendants: Sidney H. Bell & Jason Grubb & Ed Kornish - Prosecutors office Located 93 Wyoming St. Welch WV 24801 * Superintendent T.C. Pack, Sharron Allen, Sue Ann Bryant, C.R. Lane, Dennis Francis, T.G. White, Stephen King All work For West Virginia STATE Police Forensic Laboratory 725 Jefferson Road South Charleston, WV 25309 * John Pauley State Trooper work at West Virginia State Police 850 Virginia Avenue, Welch, WV 24801 * And Trooper G.D. Williams Also located at 850 Virginia Avenue Welch, WV 24801

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Defendants has refuse Plaintiff access to biological evidence For D.N.A testing. Plaintiff is seeking access because in his case the identity of the perpetrator was a key issue in trial and the testing would establish his actual innocence. The opportunity to access testing of D.N.A. evidence of that which was tested and it's results withheld and the testing of evidence never tested is crucial. Defendants has withheld Key Exculpatory evidence during Plaintiff trial which is why testing is needed. D.N.A. testing has proven time and again to be a powerful

1/2 For→ V. Relief 

State briefly exactly what you want the courts to do for you. Make no legal arguments. Cite No cases or Statutes

1) Appoint Attorney to repersent Plaintiff in this civil case.
2) Jury trial is very important and needed in this case.
3) A complete Investigation by this United State District Court into the West Virginia State Police Forensic Laboratory located at 725 Jefferson Road South Charleston, WV 25309 "Specifically it's agents listed in this Complaint."
4) The Appointment of an independent Forensic Science Consultant of my Choice.
5) Defendent to cover all cost of filing fees, legal copies and mailing fees.
6.) Any legal document considered evidence listed in number # 7 under "relief", is not to be mailed directly to Plaintiff to avoid lies, tricks games and misunderstandings on the part of the Defendants, but is to go to the judge appointed to this case and the Judge open it read it to make sure it's correct and what is said is enclosed is really ~~[illegible]~~ enclosed and the documents are not false. Even if this honorable court should appoint counsel, Plaintiff still request all documents listed in # 7 below goes through the judge hand this is to avoid the powerfull reach of the Defendant who the Plaintiff witness first hand how far and deep the Defendant reach is and has been. This is to avoid any back wood, behind closed doors, deals between Defendants and Plaintiff counsel if this court should appoint one which is needed. This way everything is fair to all partys.
7.) All case submission Forms, Evidence receipts, test results Correspond-ences, evidence and testing logs, memoranda, bench notes and Chain of custody worksheets, and any other type of documention of any nature or

2/2 type whatsoever stored in any Form or medium whatsoever, including but not limited to hard copies, carbon copies, Photocopies, Microfilm or microfiche, e-mails and electronic data and computor information however stored and whether stored on hard drive, CD-roms, floppy discs or other wise pertaining or relating in any nature or manner whatsoever to any evidence receive and or tested or witnessed by West Virginia State Police and any of it's agents (including but not limited to Sharon Allen, Sue Ann Bryant, Stephen King, Dennis Francis, C.R. Lane, T.G. White) and the results thereof including but not limited to test of Marijuana, Clothing, cigarette butt, box of bullets, tangible evidence and human beings For D.N.A, blood spatter and Gun shot residue from or relating in any manner to case No. 01-F-134, 135/ 01-F-125 to be given to the Judge "two copies" in this case and the Judge after seeing it's not false and is true and correct send copies to both Plaintiff and Plaintiff counsel.

8. Judge to compel the Defendants to follow original court order and hand over Exculpatory evidence to test, court order dated march 11, 2013 (enclosed)

9. The victims Family members work for the McDowell County Circuit court and McDowell county public defenders office for this reason I want no dealings of the prosecution office in McDowell envolve if this high court should allow me to test evidence.

10. What ever relief this court see needed and injunction and official Capacity. injunction relief against Defendent seeking D.N.A testing of evidence in defendants custody.

**IV. Statement of Claim (continued):**

tool that promotes justice and certainty. Defendants has refuse to allow Plaintiff to examine copy of original chain of custody, test evidence and withheld exculpatory, material and impeaching evidence and information at trial. See Attachment IV. See complete copy of March 6, 2002 Hearing, Grand Jury hearing dated October 23, 2001 complete copy January 11, 2002 complete copy of investigation report. Also See exhibit A through P - Also see

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See attachment

V. **Relief (continued)):**

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

**VII. Counsel**

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

______________________________________________________________________

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes ✓ No ______

If so, state the name(s) and address(es) of each lawyer contacted:

James Q. Buller, Christin Greene, Located at Buller Legal Group, Pllp
818 18th Street, N.W Suite 1010 Washington D.C 20006 Phone #
202-223-6767

If not, state your reasons: ______________________________________________________________________

______________________________________________________________________

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes ______ No ✓

If so, state the lawyer's name and address:

______________________________________________________________

______________________________________________________________

Signed this _________ day of ________________________, 20____.

Keith M. McFinney Jr.
______________________________

______________________________

______________________________

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2014 ______________.
(Date)

Keith M. McFinney
Signature of Movant/Plaintiff

______________________________
Signature of Attorney
(if any)